COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons[*]


JEROME P. CALLOWAY, SR.
                                    MEMORANDUM OPINION[**]
v.    Record No. 2687-99-3              PER CURIAM
                                       MARCH 21, 2000
BEDFORD COUNTY DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                 James W. Updike, Jr., Judge

         (William G. Wentz, on brief), for appellant.

         (J. G. Overstreet, County Attorney, on
         brief), for appellee.

         (R. Louis Harrison, Jr.; R. Louis Harrison,
         Jr., P.C., on brief), guardian ad litem for
         the minor children.


     Jerome P. Calloway, Sr., appeals the decision of the circuit

court terminating his parental rights to his children.  On appeal,

Calloway contends that the trial court erred in terminating his

parental rights because there was insufficient evidence that

Calloway abused alcohol.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.

_____

     [*] Justice Lemons participated in the decision of this case
prior to his investiture as a Justice of the Supreme Court of
Virginia.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the Bedford County Department of Social Services (DSS), the party prevailing below. See Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986). "Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Id. "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citations omitted).

> When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests. On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."

Id.

The evidence presented that the mother placed the children with DSS pursuant to an entrustment agreement in 1997. Based upon a pre-treatment screening, Calloway was recommended for intensive

-

outpatient services with ARISE, a substance abuse program. Calloway attended the initial sessions. However, he was dismissed in August 1998 following three unexcused absences. He also tested positive for alcohol two times in July 1998, although he denied drinking. At trial, Calloway admitted that he had a problem drinking beer. He testified that he quit drinking within the last two months and began attending Alcoholics Anonymous and Narcotics Anonymous. He felt that they were helping him. Calloway admitted that he tested positive for cocaine but denied ever using drugs. He also admitted that he knew he needed to attend counseling before he could see his children, but that he did not get counseling for over two years.

DSS presented evidence that Calloway had a history of violence towards the mother of his children and with the children when he was intoxicated. A protective order was entered against him in 1997. At the time of the trial, Calloway was under house arrest on unspecified charges.

The trial court found that DSS presented clear and convincing evidence sufficient to meet the statutory requirements of Code § 16.1-283(C)(2). That section provides, in pertinent part, that parental rights may be terminated when the trial court finds by clear and convincing evidence that it is in the best interests of the child and that

> [t]he parent . . . without good cause, [has] been unwilling or unable within a reasonable period of time not to exceed twelve months

-

> from the date the child was placed in foster
> care to remedy substantially the conditions
> which led to or required continuation of the
> child's foster care placement,
> notwithstanding the reasonable and
> appropriate efforts of social, medical,
> mental health or other rehabilitative
> agencies to such end.  Proof that the parent
> . . ., without good cause, [has] failed or
> been unable to make substantial progress
> towards elimination of the conditions which
> led to or required continuation of the
> child's foster care placement in accordance
> with their obligations under and within the
> time limits or goals set forth in a foster
> care plan filed with the court or any other
> plan jointly designed and agreed to by the
> parent or parents and a public or private
> social, medical, mental health or other
> rehabilitative agency shall constitute prima
> facie evidence of this condition.

Id.

The record supports the trial court's factual

determination.  Calloway failed to meet his obligations under

the foster care plans.  He failed to complete the necessary

parenting class.  He did not complete his alcohol treatment

program with ARISE, nor did he seek alternative treatment until

after his parental rights were terminated in the juvenile and

domestic relations district court.  Testimony in the mother's

parental rights termination trial, transcripts of which were

introduced into evidence, documented incidents of Calloway's

drinking and abusive behavior.  The mother admitted that

Calloway hit her within the last year.

At trial, Calloway did not argue that he was in a position

to care for his children, as he was currently under house

-

arrest. He sought to continue the children's foster care in the hope that he would be in a position to care for them at some point in the future. We find no merit in this contention. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming . . . responsibilities." Kaywood v. Halifax County Dep't of Social Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The record supports the trial court's determination that DSS presented clear and convincing evidence sufficient to meet the requirements of Code § 16.1-283(C)(2). Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.